UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH,

                Plaintiff,                Civil Action No. 23-11509

v.                                              Brandy R. McMillion
                                                  United States District Judge

DONALD HAIDERER, *et al.*,            David R. Grand
                                                  United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT McCAULEY'S MOTION TO DISMISS (ECF No. 43)**

**I.    RECOMMENDATION**

Before the Court is Defendant Susan McCauley's ("McCauley") Rule 37(d) Motion to Dismiss for Failure to Appear for Deposition, which was filed on May 24, 2024.[1] (ECF No. 43). For the following reasons, the Court **RECOMMENDS** that McCauley's motion be **DENIED**.

**II.   REPORT**

Proceeding *pro se*, plaintiff Ashton Smith ("Smith"), who currently is incarcerated at the Ionia Correctional Facility, brings this action against Defendants Donald Haiderer, Susan McCauley, and Jane Doe (collectively, "Defendants"), under 42 U.S.C. § 1983 and the Americans with Disabilities Act, for alleged medical mistreatment and retaliation. (ECF No. 1). Smith claims, in part, that Defendants neglected his serious visual impairment, which has caused him to become "legally blind." (ECF No. 13, PageID.80).

---

[1] This case has been referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 33).

On January 30, 2024, an Order was entered granting McCauley's motion to take Smith's deposition. (ECF No. 25). Smith's deposition was scheduled to take place on May 9, 2024, at 10:00 a.m.; according to McCauley, however, Smith failed to appear for his deposition at the scheduled time. (ECF No. 43, PageID.259). As a result, McCauley filed the instant motion, seeking dismissal of Smith's action pursuant to Fed. R. Civ. P. 37(d) and 41(b). (ECF No. 43).

After reviewing McCauley's motion, the Court scheduled a telephonic status conference (ECF No. 45), which was held on June 4, 2024, with Smith and counsel for both Haiderer and McCauley present. During that telephone conference, Smith denied intentionally failing to appear for his deposition on May 9, 2024, as alleged by McCauley, and indicated a willingness to appear for a deposition in the near future. Thus, it was agreed that Smith's deposition would take place on June 20, 2024, at 11:30 a.m. The Court entered an Order to this effect. (ECF No. 47). The Court understands that Smith did in fact appear for his deposition on the agreed date and time.

Under Rule 37(d)(1)(A)(i), sanctions may be awarded where a party fails to appear for his own deposition. The Court considers four factors in determining whether to impose sanctions:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urb. Cty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). "[T]he Sixth Circuit applies the same factors to determine whether" dismissal is appropriate under Rule 41(b). *Burks v. Washington*, No. 19-10027, 2023 WL 2612607, at *8 (E.D. Mich. Mar. 23, 2023) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997)).

As to the first factor, Smith denied intentionally failing to appear for his deposition on May

2

9, 2024, and indicated a willingness to appear for a deposition in the future. (ECF No. 47, PageID.325). Smith did then sit for a deposition, a fact that weighs against a finding of willfulness, bad faith, or fault. The second factor favors McCauley, as she was prejudiced by the time and money her attorney spent on scheduling and attending a deposition that did not take place. As to the third and fourth factors, however, Smith had not previously been warned that a failure to cooperate would lead to dismissal of his action, and no less drastic sanctions have been imposed. Thus, the majority of the factors weigh against imposing sanctions at this time, much less the extreme sanction of dismissal. *See Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) ("Dismissal is the sanction of last resort."). Dismissal of Smith's action pursuant to either Rule 37(d) or Rule 41(b) is simply not appropriate.

### III.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that McCauley's Rule 37(d) Motion to Dismiss for Failure to Appear for Deposition **(ECF No. 43)** be **DENIED**.

Dated: July 19, 2024                                             s/David R. Grand
Ann Arbor, Michigan                                         DAVID R. GRAND
                                                                          United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

4