UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH,

                                        Civil Action No. 23-11509
                    Plaintiff,

                                        Brandy R. McMillion
v.                                      United States District Judge

DONALD HAIDERER, *et al.*,              David R. Grand
                                        United States Magistrate Judge
                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S "MOTION OF JUDICIAL NOTICE AND FOR EMERGENT INTERVENTION" (ECF No. 69)

### Background

On June 26, 2023, *pro se* plaintiff Ashton Smith ("Smith"), who is incarcerated

within the Michigan Department of Corrections ("MDOC"), filed a complaint pursuant to

42 U.S.C. § 1983 against medical care providers asserting claims related to treatment he

received (or should have received) for a serious eye condition that requires a certain type

of contact lens and certain solutions. (ECF No. 1). The case proceeded through discovery

and on October 4, 2024, the two named defendants, Susan McCauley ("McCauley") and

Donald Haiderer ("Haiderer") (collectively, "Defendants"), filed motions for summary

judgment. (ECF Nos. 63, 64).

On October 16, 2024, Smith filed a "Motion of Judicial Notice and for Emergent

Intervention," asserting that he was prescribed "sodium chloride 0.9 percent ampules" (the

"Solution"), but that "RN Dodman of the St. Louis Correction[al] Facility," where he was

then housed, "has refused to procure [the Solution] for [him]." (ECF No. 69, PageID.1319-

20).  (ECF No. 69).[1]  He also contended that in light of the withheld Solution, he was unable to effectively respond to Defendants' summary judgment motions.  Thus, Smith asked the Court to "issue an order compelling the MDOC [RN Dodman] to procure plaintiff's sodium chloride 0.9 ampules."  (*Id.*, PageID.1320) (brackets in original).

On November 22, 2024, the Court held a hearing by Zoom on Smith's motion, and as a result, made the following text entry:

> TEXT-ONLY: On November 22, 2024, the Court held a Zoom hearing on Smith's "Motion for Judicial Notice and Emergent Intervention" (ECF No. 69) and "Motion for Enlargement in Time" (ECF No. 72). It was agreed that, within 14 days, counsel for Defendant McCauley will communicate with Optometrist [Coughlin] at Macomb Correctional Facility (where Smith currently is incarcerated) regarding Smith's requests for "sodium chloride 0.9 percent ampules," and the reasons for those requests that Smith articulated in his submissions to the Court and during the hearing.  The Court will schedule an additional hearing regarding those matters in approximately three weeks.  As discussed at the hearing, Smith's motion for an extension of time (ECF No. 72) IS DENIED AS MOOT, as Smith has now filed responses to both defendants' dispositive motions, and the Court has accepted those filings.  Defendant Haiderer shall have until December 12, 2024, to file a reply brief in support of his motion for summary judgment.  Finally, as discussed at the hearing, Smith shall be permitted to file a short sur-reply to defendant McCauley's reply brief (ECF No. 78).

On December 13, 2024, the Court held a Zoom status conference on Smith's motion. As reflected in the following text entry, significant progress was made in getting Smith the appropriate Solution, and he was directed to update the Court on the status of that matter:

> Minute Entry for remote proceedings before Magistrate Judge David

---

[1] As Smith explained at a hearing on this motion and in later filings, he needed "single use ampules" because bottles containing a multiple-use supply are prone to causing eye infections, and given his condition, contracting such an infection could cause serious vision loss.  (*See, e.g.*, ECF No. 85, PageID.1775-79).

R. Grand: Status Conference held on 12/13/2024.  Disposition: On December 13, 2024, the Court held a status conference by Zoom with the parties regarding counsel for defendant McCauley's efforts to communicate with an optometrist at Macomb Correctional Facility ("MRF") (see 11/27/2024 Text-Only Entry).  While counsel reported that her efforts in that regard were not successful, Smith reported that he had just seen an ophthalmologist at the Kresge Eye Institute, who recommended in writing that he use the same solution he has been requesting, and that he has an appointment later today with his optometrist at MRF (who he identified as "Coughlin").  Counsel for McCauley shall make a good faith effort to discuss these matters with Coughlin.  The Court directed Smith to file a supplemental brief and exhibits regarding these interactions.  Defendants may have one week after Smith's filing to respond.

On December 19, 2024, Smith filed a supplemental brief in which he advised the Court that he had been transferred to MRF, and had, "on multiple occasions," seen "a new optometrist, Dr. Coughlin, whom has no connection to the deprivation and discontinuation of the [Solution], which occurred at the St. Louis Corr[ectional] Fac[ility]." (ECF No. 85, PageID.1776-77).[2]  Smith also noted that Dr. Coughlin ordered Smith the single-use Solution he claims to need, and "assured [him] that [it] would be [provided]."  (*Id.*). Nevertheless, Smith contends that he "will likely be transferred soon" to a new facility, and thus asked the Court to "enter an order consistant [sic] with the relief sought in the original motion …."  (*Id.*, PageID.1778-80).

## Legal Standards

Because Smith's instant motion seeks injunctive relief in the form of "an order compelling the MDOC [RN Dodman] to procure plaintiff's sodium chloride 0.9 ampules" (ECF No. 69, PageID.1320) (brackets in original), the Court will construe the motion as

---

[2] This filing was received by the Court on January 2, 2025, but is dated December 19, 2024.

3

one for a preliminary injunction.  Injunctions sought by such motions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held."  *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013).  Whether to grant such relief is a matter within the district court's discretion.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).  The factors the Court must consider in determining whether to grant the requested injunction are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Moreover, where, as here, an inmate seeks an order enjoining prison officials, the Court must proceed with the utmost care and be cognizant of the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.'  To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life." (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted))).  Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*,

4

58 F.3d 271, 273 (6th Cir. 1995) (internal quotations omitted).

**<u>Analysis</u>**

Examining Smith's instant motion against these standards, he has failed to show that he is entitled to a Court order compelling the relief he seeks.  Smith appears to have adequately demonstrated that the single-use Solution is a supply he medically needs, and not just one he "prefers."  *Cf. DeFreeze v. Zuberi*, 39 F. App'x 137, 139 (6th Cir. 2002) (holding that a mere "difference of opinion" about medical treatment provided by a prison does not rise to the level of a constitutional violation).  Indeed, Smith claims he had a prescription for the Solution prior to filing his motion, and that Dr. Coughlin recently ordered the Solution for him.  During the hearing, Smith articulately explained his need for the Solution and why other forms of it, or multiple-use bottles, are inadequate.  Thus, the merits of Smith's request to receive the Solution appear to favor him.

Smith's motion fails, however, when considering the remaining factors and circumstances.  Smith filed the instant lawsuit against Defendants, yet asked the Court to enter an order compelling somebody else – "RN Dodman" – to procure the Solution for him. (ECF No. 69, PageID.1320).  Moreover, Smith made that request against RN Dodman because she worked at the St. Louis Correctional Facility, which is where Smith was housed when he filed his motion, but he is no longer housed there.  Thus, it would be inappropriate for the Court to order RN Dodman to take any particular action.

But even if the Court interpreted Smith's request as more broadly requiring whoever is in charge of his medical care within the MDOC to order him the Solution, the Court would find that no injunction is warranted because Smith cannot show that he will presently

suffer irreparable harm without it.  As discussed above, Smith was transferred to MRF and has been treating with Dr. Coughlin there.  In his December 19, 2024 filing, Smith admitted that Dr. Coughlin ordered him the Solution and "assured" him he would receive it.  That was over a month ago, and Smith has not filed anything indicating that he has not received the Solution.  Smith is thus not presently facing irreparable harm, and there is no need for the Court to take the extreme step of ordering the injunctive relief he requests.  *See, e.g.*, *Wilburn v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 23-13170, 2024 WL 3488724, at *1 (E.D. Mich. July 18, 2024) (plaintiff's motion for preliminary injunction moot because the defendant provided him with the relief sought); *D.P. Dough Franchising, LLC v. Southworth*, No. 2:15-CV-2635, 2017 WL 4315013, at *15 (S.D. Ohio Sept. 26, 2017) (no irreparable harm because the defendant ceased the infringing activity).[3]

Smith does not seem to quarrel with the Court's assessment, but argues that an injunction should issue because he will "likely be transferred soon" and a new optometrist might not order him the Solution.  But those concerns are speculative and unwarranted.  Smith voiced those concerns over a month ago, and the MDOC's records show that he is still housed at MRF.  *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=619752 (last visited January 27, 2025).  And, should Smith's concerns come to fruition, he has shown an ability

---

[3] To the extent Smith's instant motion also indicated that relief was needed because he could not effectively respond to Defendants' summary judgment motion without receiving the Solution, that issue, too, appears to be moot.  The Court granted Smith extensions of time to file his response briefs, and Smith did in fact file substantive responses to the motions, including numerous affidavits and voluminous exhibits (ECF Nos. 76, 77, 79, 86).

to effectively advocate for himself.

The final two factors also weigh in favor of denying Smith's motion. Issuing preliminary injunctive relief requiring the MDOC to provide particular medical care when the inmate appears to already be receiving the requested care would result in harm to both the MDOC and the public because granting such relief would violate the principle that the Court should exercise restraint before involving itself in the administration of prison life. *Kendrick*, 740 F.2d at 438 n.3; *McKune*, 536 U.S. at 37.

For all of these reasons, Smith's instant motion fails.

## Conclusion

For all of the foregoing reasons, **IT IS RECOMMENDED** that Smith's "Motion of Judicial Notice and Emergency Intervention" **(ECF No. 69)** be **DENIED**.


Dated: January 27, 2025                    s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                           United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2025.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager