## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ASHTON SMITH,

             Plaintiff,

v.

DONALD HAIDERER, *et al.*,

             Defendants.

_____ /

Case No. 2:23-CV-11509

Hon. Brandy R. McMillion
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 96), OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 97) AND GRANTING *IN PART* AND DENYING *IN PART* DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 63, 64)

Plaintiff Ashton Smith ("Smith"), an inmate in the Michigan Department of Corrections ("MDOC"), brought this *pro se* §1983 action against Dr. Donald Haiderer ("Dr. Haiderer"), Susan McCauley, and Jane Doe (collectively, "Defendants"). *See generally* ECF No. 1. Smith alleges Defendants violated his rights under the U.S. Constitution and Americans with Disabilities Act ("ADA"). *Id.* This matter was originally assigned to the Honorable Stephen J. Murphy, III but reassigned to the undersigned on April 2, 2024. On April 4, 2024, this Court referred all pretrial matters to Magistrate Judge David R. Grand. ECF No. 33.

On October 4, 2024, Defendants McCauley and Dr. Haiderer each filed a Motion for Summary Judgment. *See* ECF Nos. 63, 64. On August 28, 2025, in a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the Court grant McCauley's Motion for Summary Judgment; grant in part and deny in part Dr. Haiderer's Motion for Summary Judgment; and dismiss without prejudice Defendant Jane Doe. ECF No. 96. On September 11, 2025, Dr. Haiderer timely filed Objections to the R&R, and on September 23, 2025, Smith filed his Response to Defendant Haiderer's Objections. *See* ECF No. 97 and ECF No. 98, respectively.

As of the date of this order, September 25, 2025—28 days since the Magistrate Judge filed the R&R—no party has filed objections to the R&R in regard to the recommendation to grant McCauley's Motion for Summary Judgment or to dismiss without prejudice Defendant Jane Doe. Nor has any party contacted the Court to ask for more time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely

file objections to an R&R). The Court, therefore, will **ACCEPT AND ADOPT** the recommended disposition of the R&R to **GRANT** McCauley's Motion for Summary Judgment (ECF No. 63) and **DISMISS WITHOUT PREJUDICE** Defendant Jane Doe.

The Court has reviewed the Objections and Response with respect to Dr. Haiderer's Motion for Summary Judgment, conducted a *de novo* review of the record and briefs, and concludes that Dr. Haiderer's objections are without merit. Thus, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R with respect to Dr. Haiderer's Motion for Summary Judgment, **OVERRULE** Defendant's Objections (ECF No. 97), and **GRANT IN PART AND DENY IN PART** Defendant's Motion for Summary Judgment (ECF No. 64).

## I.

Smith is a Michigan Department of Corrections inmate currently housed at the Macomb Correctional Facility. He brings this § 1983 civil rights action for alleged violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the US Constitution and the American with Disabilities Act for acts that occurred when he was previously housed at the Saginaw Correctional Facility. *See generally* ECF No. 1. The parties do not object to the characterization of facts in the R&R, so rather than restate them all here, the Court adopts those facts as the basis of deciding

the Motions for Summary Judgment.  *See generally* ECF No. 90, PageID.1899-1911.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Objections must be stated with specificity.  *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).  The Court

> is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources.

*See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations and emphasis omitted).

When a party objects to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's R&R. *See Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once that showing has been made, the nonmoving party must present "significant probative evidence" revealing that there is "more than some metaphysical doubt as to the material facts necessitating a trial[.]" *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 526 (6th Cir. 2023). The "facts must be viewed in the light most favorable to the nonmoving party *only if* there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). "Where the record taken as a whole could not lead a rational trier of fact to

find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The non-moving party may not rely on his pleadings alone, but must demonstrate the existence of a genuine issue for trial by pointing to 'specific facts' that create such an issue." *Hamilton v. Myers*, 281 F.3d 520, 525 (6th Cir. 2002) (citation omitted). "A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment." *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017).

## III.

Dr. Haiderer lodges five Objections to Magistrate Judge Grand's R&R. *See generally* ECF No. 97. The Court overrules all the Objections and will address each in turn.

**Objection No. 1: The magistrate judge erred when he ruled it was a question of fact as to whether or not Smith failed to exhaust his administrative remedies. Smith did not name Haiderer in any grievance related to contact lens solution and as such, his claims related to such solution are barred.**

According to Dr. Haiderer, Smith's October 8, 2021 grievance does not qualify as a first grievance for the purposes of exhausting administrative remedies, as required under 42 U.S.C. §1997e(a). *See* ECF No. 64, PageID.667. Dr. Haiderer argues, "Smith filed the SRF2021-10-1169-12D1 step I grievance before ever meeting Dr. Haiderer. In his report, Smith merely complained about 'Health Care.'"

*Id* at PageID.668.  However, there is a genuine dispute of material fact as to whether Smith's "mere" identification was, in fact, enough.  Specifically, Smith's grievance not only (1) referenced a "Health Care" professional, it also (2) concerned "saline/sterile water… to wear [Smith's] scleral contact[,]" and (3) noted he needed to talk to "optometry" about the issue.  *See* ECF No. 64, PageID.661; ECF No. 64-2, PageID.745.

Dr. Haiderer does not deny he is the optometrist at the Saginaw Correctional Facility.  ECF No. 64, PageID.663, 667.  Rather, he asserts "the [M]agistrate ignored the clear directive of MDOC Policy Directive 03.02.130 which specifically provides that the grievant must provide the . . . 'names of all those involved in the issue being grieved . . .'"  ECF No. 97, PageID.1943-1944.  However, he makes no mention of the grievance reviewer's reference to him in the Step II grievance response—which is potentially highly relevant for purposes of summary judgement.  *See Wilson v. Taskila*, No. 2:21-cv-236, 2022 WL 16745768, at *4 (W.D. Mich. Sept. 20, 2022) ("[W]hen prison officials waive enforcement of the MDOC's procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit." (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010)).

Nor does Dr. Haiderer's cited case law help him here.  ECF No. 97, PageID.1944.  Quite the contrary, in *Price v. Caruso*, the Court clarified that it may

7

be enough when "Plaintiff […] generally grieve[s] Defendant (as a 'supervisor,' for example) or an 'unknown party.'"  2008 WL 441254, at *2 (W.D. Mich. 2008).  Dr. Haiderer himself admits that naming a defendant "in a general manner (such as by position)" suffices.  ECF No. 97, PageID.1944.  So, the Court disagrees with Dr. Haiderer that Magistrate Judge Grand erred in his finding that Smith raised a genuine issue of material fact on this issue.

Thus, Objection #1 is overruled and summary judgment based on exhaustion is denied.

**Objection No. 2**: **The magistrate judge erred by ruling that there was a genuine issue of material fact as to whether or not Dr. Haiderer violated Smith's Eighth Amendment rights by failing to order sodium chloride solution.  The magistrate judge did not address the threshold issue of whether or not the alleged failure to provide such solution rises to the level of an Eighth Amendment claim and the magistrate judge takes improper conclusions from the actual record.**

Dr. Haiderer argues that the Magistrate Judge failed to consider that Smith's eye treatment was ongoing and under *Rinehart v. Scutt*, 894 F. 3d 721, 737 (6th Cir. 2018), when care is ongoing, the Court must look at the care as a whole to determine if the care is so inadequate to shock the conscious of the Court.  ECF No. 97, PageID.1946-1947.  The Court does not dispute that standard but finds it unsatisfied here.

8

An Eighth Amendment claim for deliberate indifference consists of two separate components—objective and subjective. *Rhinehart*, 894 F.3d at 737. For the objective component, the Court must apply either the no-treatment or ongoing-treatment standard. *Id.* at 737-38; *see also Woodcock v. Correct Care Sols.*, 861 F. App'x 654, 659-660 (6th Cir. 2021). The objective component can be easily satisfied when "a serious medical condition carries with it a serious medical need, when prison officials fail to provide treatment for an inmate's serious medical condition"—this is the no-treatment standard. *Id.* However, when a defendant has not completely deprived a plaintiff of treatment, the ongoing-treatment standard is appropriate instead. *Id.* Under the ongoing-treatment standard, a plaintiff must show that the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rhinehart*, 894 F.3d at 740 (*quoting Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005)).

Dr. Haiderer correctly points out Magistrate Judge Grand applied the "no-treatment" standard, while these facts call for the "ongoing-treatment" standard. But even under the correct standard, Defendant's objection is overruled, as evidenced by the proper analysis below.

### A. Objective Component

In his Motion for Summary Judgment, Dr. Haiderer argues there is no genuine dispute of material fact because "[i]mmediately after meeting with Dr. Haiderer for

the first time, Smith was seen by a specialist per Dr. Haiderer's instruction[, and] Dr. Haiderer issued a script for Smith's 0.9 percent sodium chloride solution immediately upon request and necessity." *See* ECF No. 64, PageID.671. Given this, Dr. Haider argues that Smith cannot prove Dr. Haiderer's alleged misconduct was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. The Court disagrees.

Smith alleges—and corroborates with evidence—that his request for saline solution was brought to Dr. Haiderer's attention on October 18, 2021 and November 2, 2021. *See* ECF No. 40, PageID.207; ECF No. 79-1, PageID.1623, 1626. During Smith's November 2, 2021 appointment, Dr. Haiderer "acknowledged [Smith's] red, swollen, inflamed, sensitive left eye[…]" ECF No. 40, PageID.208. Dr. Haiderer even asked Smith, "it looks like you have come in contact with some[thing] toxic, what are you using to fill and wear the lens[.]" *Id.* During that same visit, Smith told Dr. Haiderer he felt as though he was being "tortur[ed]" because he did not have the proper solution. *Id.* at PageID.209.

Yet, Smith claims—and Dr. Haiderer appears to concede—the earliest Dr. Haiderer placed an order for the sodium chloride solution was on December 30, 2021. ECF No. 97, PageID.1947. That means he placed the order roughly two and a half months after he admits he knew Smith needed the solution. ECF No. 64, PageID.671; *see also* ECF No. 79-1, PageID.1626. Dr. Haiderer's explanation for

10

the time delay is that "despite issuing Smith the appropriate script, the solution was backordered."  ECF No. 64, PageID.672.  But, as Magistrate Judge Grand correctly points out, Dr. Haiderer offers nothing to corroborate when the script was initially issued nor any proof that the solution was backordered.  *Id.*  What's more, Smith testified that Dr. Haiderer, "was upset" about Smith's 12D1 Grievance against him, and he allegedly told Smith he has a "bigger pen" than Smith does.  ECF No. 64-3, PageID.826-27.  Dr. Haiderer does not at all address these alleged comments.  *See generally* ECF No. 64.  Thus, a reasonable jury could differ on whether Dr. Haiderer improperly withheld a medical need from Smith, despite knowing about the desperate need for it.  Thus, there is a material fact dispute as to the "objective component" of deliberate indifference.

## B. *Subjective Component*

Under the "subjective component" of deliberate indifference, Plaintiff must show "something more than mere negligence," but can show "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895-96 (6th Cir. 2004).  At a minimum, a reasonable jury could differ as to whether Smith satisfies this component as well.

While, "a disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment[,]" "a conscious

disregard of the risk that [Plaintiff] faced" can. *Rhinehart*, 894 F.3d at 733, 744. To prove this, Plaintiff must "present enough evidence from which a jury could conclude that each defendant 'so recklessly ignored the risk that he was deliberately indifferent to it.'" *Rhinehart*, 894 F.3d at 733 (*quoting Cairelli v. Vakilian*, 80 F. App'x 979, 983 (6th Cir. 2003)); *see also Blackmore*, 390 F.3d at 896 (finding that "a reasonable jury could conclude that Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and the Defendants ignored that risk" when Plaintiff "did not receive any medical attention until 6:00 a.m. on Monday morning, over fifty hours after his arrest.").

Here, Smith accuses Dr. Haiderer of more than mere negligence. In fact, he goes as far as alleging an "omission for the very purpose of causing harm." *Blackmore*, 390 F.3d at 896. For example, Smith testified that "[Dr. Haiderer] was upset that I wrote the [12D1 G]rievance on him. He told me that he got a [pen] too and his [pen's] bigger than mine . . . And he made comments telling me that I should have worked things out and I shouldn't have wrote that grievance on him. In fact, those words came out of his mouth." ECF No. 64-3, PageID.826-27. Dr. Haiderer does not so much as respond to these allegations. *See generally* ECF No. 64. At worst, his silence could be deemed an admission. But the Court need only decide whether Smith's allegations, coupled with Dr. Haiderer's silence, is enough to create a genuine dispute of material fact. And the Court finds that it is.

Consequently, Objection #2 is overruled and summary judgment as to Smith's Eighth Amendment deliberate indifference claim for failing to order sodium chloride solution is denied. Because there is a genuine issue of material fact as to this issue, this claim proceeds.

**Objection No. 3: The magistrate judge erred by ruling that Dr. Haiderer had abandoned any argument about the prescription of steroid fluorometholone. Dr. Haiderer preserved the issue as the entire issue of prescription drops was addressed in the argument related to exhaustion of remedies. As such, the magistrate judge erred by not even considering the issue.**

Dr. Haiderer claims his arguments about exhaustion of remedies extend to Smith's Eighth Amendment deliberate indifference claim for withholding of Smith's steroid fluorometholone eyedrops. ECF No. 97, PageID.1948-1949. They do not.

The exhaustion of remedies section in Dr. Haiderer's Motion for Summary Judgment specifically and exclusively addresses Smith's claim about "access to saline solution." ECF No. 64, PageID.667-69. In fact, Dr. Haiderer never mentions steroid fluorometholone at all. His explanation for this absence is, "Plaintiff's first amended complaint was in excess of 50 pages and needless to say it was not a model of clarity." ECF No. 97, PageID.1948. Such an argument lacks basic "effort at developed argumentation," so the Court agrees with Magistrate Judge Grand that it is deemed waived. *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)

(holding that plaintiffs waived their state law false-arrest claim because they "offered no real analysis" for it).

Thus, Objection #3 is overruled, and Smith's Eighth Amendment deliberate indifference claim for withholding of his steroid fluorometholone eyedrops survives summary judgment.

**Objection No. 4: The magistrate judge erred when he refused to dismiss Smith's First Amendment Retaliation Claim. The magistrate employed the same tortured logic to conclude that Dr. Haiderer should have known of [sic] a grievance had been filed against him despite the fact that Dr. Haiderer was not named in the grievance and there is nothing in the record that suggests that Dr. Haiderer knew of the grievance or engaged in retaliatory conduct.**

Dr. Haiderer asserts the same argument he made in response to the ruling on exhaustion—he was not properly named in the grievance that raises retaliation claims. *See* ECF No. 97, PageID.1950-1951. He also asserts that Smith fails to produce specific facts showing there is a genuine issue for trial on the retaliation claim. *Id.* The Court disagrees.

To establish First Amendment retaliation, Smith must show that he:

> 1) . . . engaged in protected conduct; 2) an adverse action was taken against [him] that would deter a reasonable person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).   Here, the first two elements are not seriously disputed.[1]   ECF No. 64, PageID.676.   The key issue is whether a genuine dispute of material fact exists as to causation.   *Id.*   Causation may be established by circumstantial evidence and is typically a question of fact for the jury.   *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).   While courts may grant summary judgement where causation is clearly lacking, once a plaintiff shows that protected conduct was a motivating factor, the burden shifts to the defendant to prove he would have taken the same action regardless.   *Id.*

Smith specifically alleges that during an eye exam on October 12, 2021, Dr. Haiderer said, "I had every intention to give you this . . . but you penned that little grievance on me.   I got a pen too and my pen is bigger."   ECF No. 1, PageID.4. When Smith protested, citing medical advice that Boston Simplus would harm his eye, Dr. Haiderer allegedly responded, "you should've thought of that before you

---

[1] The Court finds sufficient evidence showing Smith satisfied elements one and two.   Regarding the first element, "[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf."   *Richards v. Perttu*, 96 F.4th 911, 917 (6th Cir. 2024).   One notable "limitation to this . . . right" is "frivolous" grievances.   *Id.*   Smith's 12D1 grievance about prison health care officials withholding contact solution he needed to see properly falls within the realm of non-frivolous, protected speech.   Turning to the second element, it "is not an overly difficult one for the plaintiff to meet."   *Hill v. Lapin*, 630 F.3d 468, 472 (6th Cir. 2010).   "[T]he relevant question . . . is whether the defendant's adverse conduct was "*capable* of deterring a person of ordinary firmness."   *Bell v. Johnson,* 308 F.3d 594, 606 (6th Cir.2002).   "*Actual* deterrence need not be shown."   *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005). "[U]nless the claimed retaliatory action is truly inconsequential, the plaintiff's claim should go to the jury."   *Bell*, 308 F.3d at 603.   Denying an inmate the contact solution he requires to wear his contact lenses without harm is most certainly a consequential act that, for fear of further reprisal, would deter an ordinary person from engaging in protected conduct.

snitched on me.  Leave and kite me if the Boston [Simplus] hurts . . . if it does, add water."  *Id.*  These alleged statements, taken as true, strongly suggest retaliatory intent and go directly to causation.  *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006) ("[W]e must assume the truth of the non-moving party's evidence and construe all inferences from that evidence in the light most favorable to the non-moving party.").

Dr. Haiderer, argues that there can be no causal connection because Smith filed the first grievance on October 12th, 2021, before meeting Haiderer, and did not name him because the grievance was directed at "Health Care," generally.  ECF No. 64, PageID.675-76.  But as already explained above, this argument misses the mark. Dr. Haiderer, as the prison's optometrist, was one of few individuals with authority over Smith's vision care.  Even if not named, it is reasonable to infer that he understood the grievance to be directed at him; particularly, given his alleged statements referencing the grievance during the October 18 examination.  Moreover, the temporal proximity between Smith's October 12th grievance and the alleged adverse action on October 18th supports a finding of causation.

The Sixth Circuit "consider[s] the temporal proximity between protected conduct and retaliatory acts [to] create[e] an inference of retaliatory motive." *Maben*, 887 F.3d at 268; *see also Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) ("[T]emporal proximity alone may be significant enough to constitute

indirect evidence of a causal connection so as to create an inference of retaliatory motive.").[2]  Further factual discrepancies raise doubts as to the credibility of Dr. Haiderer's account.  For example, Dr. Haiderer claims he ordered the prescription for the contact solution after he examined Smith on October 18th, yet two paragraphs before that assertion, he states he only went so far as approving it after he examined Smith on November 2nd.  *See* ECF No. 97, PageID.1950-51.

In reality, records show that Dr. Haiderer did not order the prescription until January 3, 2022—nearly three months later.  *See* ECF No. 97-2, PageID.1961.  This inconsistency, taken together with Dr. Haiderer's alleged references to the grievance during the initial examination and the temporal proximity between the events, raises a reasonable inference that the grievance motivated the delay, but evaluation of these facts is best left to the jury.  In objecting to the logic employed by the Magistrate Judge, Dr. Haiderer only further demonstrates that a genuine dispute of material fact clearly exists between the parties as to whether Smith satisfied the causal connection element.

The operative question here, whether Dr. Haiderer had knowledge of Smith's grievances prior to the first time he examined Smith, is clearly a question of fact

---

[2] "It is not necessary for [the Court] to determine whether the temporal proximity here would be sufficient on its own to establish a causal connection because . . . there is an additional connection between the grievance and the retaliation besides just temporal proximity." *Briggs v. Westcomb*, 801 F. App'x 956, 961 (6th Cir. 2020).

most appropriate for a jury to decide at trial. Objection #4 is therefore overruled, and Smith's First Amendment Retaliation claim survives summary judgment.

**Objection No. 5: The magistrate judge erred by failing to grant Dr. Haiderer's motion pertaining to Plaintiff's ADA and visual accommodation claim. The magistrate erred in conflating Dr. Haiderer's medical judgment regarding Smith's visual acuity into a decision about Smith's ability to participate in a prison program which is ultimately made by others and failed to take into account the fact that Smith failed to show he was qualified for the program.**

Finally, Magistrate Judge Grand did not err in denying summary judgement as to the Plaintiff's ADA and visual accommodation claims. The Court is not required to consider arguments raised for the first time in a Reply Brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). If the party does not raise those arguments in their opening brief, they are deemed waived. *Id.* Dr. Haiderer objects on the grounds that the Magistrate erroneously conflated the doctor's medical judgement with the ultimate basis for the decision about Smith's eligibility for the accommodations he requested. But Dr. Haiderer mischaracterizes the nature of Magistrate Judge Grand's statements in an attempt to circumvent the consequences of his own error.

In actuality, the Magistrate Judge declined to address Smith's ADA claim for the same reason the Court declines to do so today: Dr. Haiderer failed to properly raise the issue in his Summary Judgement Motion despite being aware of the claim.

ECF No. 64, PageID.661.  Insofar as any reference made to arguments put forth in Dr. Haiderer's Reply Brief on the ADA claim, Magistrate Judge Grand did not apply the same analysis he employed to evaluate Smith's deliberate indifference claims.[3] He merely points out that, in addition to failing to address Smith's ADA claims properly, Dr. Haiderer employed arguments that share common flaws with arguments he made elsewhere.  The Court will not entertain the merits of arguments raised for the first time in a Reply Brief; therefore, Objection #5 is overruled. Consequently, Smith's ADA claims survive summary judgment.

## IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Grand's Report and Recommendation (ECF No. 96). Defendant Dr. Haiderer's Objections (ECF No. 97) are **OVERRULED**.  Defendant McCauley's Motion for Summary Judgment (ECF No. 63) is **GRANTED**. Defendant Dr. Haiderer's Motion for Summary Judgment (ECF No. 64) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS HEREBY ORDERED** that all claims against Susan McCauley are **DISMISSED WITH PREJUDICE**.

---

[3] In fact, the Magistrate Judge declined to even go as far as stating the legal standard for evaluating Smith's ADA claims.  ECF No. 96, PageID.1928-29.  This further indicates that the sole basis for the denial was Dr. Haiderer's procedural error.

**IT IS FURTHER ORDERED** that all claims against Defendant Jane Doe are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Smith's Eighth Amendment claims related to the alleged confiscation of his Addi-Paks upon his arrival at SRF and his post-operative care, and his claims under the Fifth and Fourteenth Amendments against Dr. Haiderer are **DISMISSED WITH PREJUDICE**. All other remaining claims against Dr. Haiderer shall proceed.

**IT IS SO ORDERED.**

Dated: September 26, 2025
Detroit, Michigan

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge