UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH,

                Plaintiff,

v.

DONALD HAIDERER, *et al.*,

                Defendants.

_____/

Civil Action No. 23-11509

Brandy R. McMillion
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S "MOTION OF JUDICIAL NOTICE, PRELIMINARY INJUNCTION AND APPOINTMENT OF COUNSEL" (ECF No. 90)**

## Background

On June 26, 2023, *pro se* plaintiff Ashton Smith ("Smith"), who is incarcerated within the Michigan Department of Corrections ("MDOC"), filed a complaint pursuant to 42 U.S.C. § 1983 against medical care providers asserting claims related to treatment he received (or should have received) for a serious eye condition that requires a certain type of contact lens and certain solutions. (ECF No. 1). More specifically, this case principally concerns a few month period of time, between roughly October 5, 2021 and March 2, 2022, when Smith claims he was wrongfully deprived of a particular type of contact lens solution and steroid eyedrops he needed to treat his serious eye conditions.

The case proceeded through discovery and on October 4, 2024, the two named defendants, Susan McCauley ("McCauley") and Donald Haiderer ("Haiderer") (collectively, "Defendants"), filed motions for summary judgment. (ECF Nos. 63, 64).

Those motions have now been resolved. On August 28, 2025, the undersigned issued a Report and Recommendation ("R&R") to grant defendant McCauley's summary judgment motion and to grant in part and deny in part defendant Haiderer's summary judgment motion. (ECF No. 96). Only defendant Haiderer filed objections to the R&R, and on September 26, 2025, the Honorable Brandy R. McMillion overruled the objections and adopted the R&R. (ECF No. 99).

Previously, while the case was in the discovery phase, Smith filed a "Motion of Judicial Notice and for Emergent Intervention" (the "First Preliminary Injunction Motion") asserting that he was prescribed "sodium chloride 0.9 percent ampules" (the "Solution"), but that "RN Dodman of the St. Louis Correction[al] Facility," where he was then housed, "has refused to procure [the Solution] for [him]." (ECF No. 69, PageID.1319-20).[1] He also contended that in light of the withheld Solution, he was unable to effectively respond to Defendants' summary judgment motions. Thus, Smith asked the Court to "issue an order compelling the MDOC [RN Dodman] to procure plaintiff's sodium chloride 0.9 ampules." (*Id.*, PageID.1320) (brackets in original).

On November 22, 2024, the Court held a hearing by Zoom on Smith's First Preliminary Injunction Motion, and as a result, made the following text entry:

> TEXT-ONLY: On November 22, 2024, the Court held a Zoom hearing on Smith's "Motion for Judicial Notice and Emergent Intervention" (ECF No. 69) and "Motion for Enlargement in Time" (ECF No. 72). It was agreed that, within 14 days, counsel for Defendant McCauley

---

[1] As Smith explained at a hearing on that motion and in later filings, he needed "single use ampules" because bottles containing a multiple-use supply are prone to causing eye infections, and given his condition, contracting such an infection could cause serious vision loss. (*See, e.g.*, ECF No. 85, PageID.1775-79).

2

> will communicate with Optometrist [Coughlin] at Macomb Correctional Facility (where Smith currently is incarcerated) regarding Smith's requests for "sodium chloride 0.9 percent ampules," and the reasons for those requests that Smith articulated in his submissions to the Court and during the hearing. The Court will schedule an additional hearing regarding those matters in approximately three weeks. As discussed at the hearing, Smith's motion for an extension of time (ECF No. 72) is DENIED AS MOOT, as Smith has now filed responses to both defendants' dispositive motions, and the Court has accepted those filings. Defendant Haiderer shall have until December 12, 2024, to file a reply brief in support of his motion for summary judgment. Finally, as discussed at the hearing, Smith shall be permitted to file a short sur-reply to defendant McCauley's reply brief (ECF No. 78).

On December 13, 2024, the Court held a Zoom status conference on Smith's motion. As reflected in the following text entry, significant progress was made in getting Smith the appropriate Solution, and he was directed to update the Court on the status of that matter:

> Minute Entry for remote proceedings before Magistrate Judge David R. Grand: Status Conference held on 12/13/2024. Disposition: On December 13, 2024, the Court held a status conference by Zoom with the parties regarding counsel for defendant McCauley's efforts to communicate with an optometrist at Macomb Correctional Facility ("MRF") (see 11/27/2024 Text-Only Entry). While counsel reported that her efforts in that regard were not successful, Smith reported that he had just seen an ophthalmologist at the Kresge Eye Institute, who recommended in writing that he use the same solution he has been requesting, and that he has an appointment later today with his optometrist at MRF (who he identified as "Coughlin"). Counsel for McCauley shall make a good faith effort to discuss these matters with Coughlin. The Court directed Smith to file a supplemental brief and exhibits regarding these interactions. Defendants may have one week after Smith's filing to respond.

On December 19, 2024, Smith filed a supplemental brief in which he advised the Court that he had been transferred to MRF, and had, "on multiple occasions," seen "a new optometrist, Dr. Coughlin, whom [sic] has no connection to the deprivation and

3

discontinuation of the [Solution], which occurred at the St. Louis Corr[ectional] Fac[ility]." (ECF No. 85, PageID.1776-77).[2] Smith also noted that Dr. Coughlin ordered Smith the single-use Solution he claims to need, and "assured [him] that [it] would be [provided]." (*Id.*, PageID.1778). Nevertheless, Smith contended that he would "likely be transferred soon" to a new facility, and thus asked the Court to "enter an order consistant [sic] with the relief sought in the original motion …." (*Id.*, PageID.1778-80).

On January 27, 2025, the Court issued a Report and Recommendation to deny Smith's First Preliminary Injunction Motion, finding that, although Smith had demonstrated his need for the Solution, he had not established that he would likely suffer irreparable harm absent an injunction because he had been moved to a new facility (MRF), had been treating with a new eye doctor there (Dr. Coughlin), had been "assured" by her that he would receive the Solution, and did not subsequently complain to the Court about the issue. (ECF No. 87, PageID.1814-15). Smith did not object to that Report and Recommendation.

Instead, on March 20, 2025, Smith filed the instant "Motion for Judicial Notice, Preliminary Injunction and Appointment of Counsel" ("Second Preliminary Injunction Motion"). (ECF No. 90). In his Second Preliminary Injunction Motion, Smith asserts, in conclusory fashion, that he has been subject to "on-going, persistent, retaliatory transfers," and that although he was then receiving adequate treatment, he requires a preliminary injunction to stop the MDOC from "carry[ing] out additional acts of retaliatory facility

---

[2] This filing was received by the Court on January 2, 2025, but is dated December 19, 2024.

4

transfer [Diesel Therapy] to prevent the delay, interruption, & denial of continued specialty treatment of [his] serious eye related needs ….." (*Id.*, PageID.1823-24; *see also id.*, PageID.1836 ("The timely and prompt continuation of Plaintiff's treatment is at risk."))[3] He also claims he needs an attorney "to deter the intentional persistent distinctively clear pattern of repeated retaliatory tranfers [sic] that demonstrates an [sic] concerted effect to subject [him] to disparate treatment, delayed, interrupted, and denied treatment …." (*Id.*, PageID.1824).

For the reasons explained below, Smith's Second Preliminary Injunction Motion lacks merit and should be denied.

**Legal Standards**

Preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the district court's discretion. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The factors the Court must consider in determining whether to grant the requested injunction are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public

---

[3] On April 1, 2025, Smith filed a "motion to supplement" his Second Preliminary Injunction Motion to add an affidavit to his underlying motion. (ECF No. 91). That motion **(ECF No. 91)** is hereby **GRANTED**, and the Court will consider its contents in ruling on Smith's Second Preliminary Injunction Motion.

interest is served by issuance of the injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Moreover, where, as here, an inmate seeks an order enjoining prison officials, the Court must proceed with the utmost care and be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life." (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted))). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995) (internal quotations omitted).

**Analysis**

Examining Smith's instant motion against these standards, he has failed to show that he is entitled to a Court order compelling the relief he seeks. First, while Smith's Second Preliminary Injunction Motion rests mainly on his assertions about prior "retaliatory transfers" that were designed to impede his access to the eye care he needs, he provided no evidence from which the Court could find an improper motive behind any such transfer. And, looking forward (from the time he filed his motion), not only are Smith's professed concerns about future transfers entirely speculative, they have proven to be

6

unfounded.  When Smith filed his instant motion on March 20, 2025, he was housed at MRF (ECF No. 90, PageID.1835 ("Plaintiff is currently housed at MRF")), and the docket reflects that he remains housed there.  And, perhaps most importantly, Smith notes in his motion that he is being treated at MRF by Dr. Coughlin, and that she "has acclamated [sic] herself with [his] complex conditions and needs and is providing necessary treatment … and is now working with [his outside] specialist to assure specialty treatment is provided on a continued on-going (timely) bases [sic] …." (*Id.*, PageID.1835).  Similarly, Smith asserts, "Now, Dr. Coughlin is ensuring cortico steroids orders are current, necessary solutions are ordered; appointments are referred; surgerys [sic] are scheduled …." (*Id.*, PageID.1836).  Thus, Smith admits that while at MRF he is being appropriately treated for his eye condition.[4]

These considerations – that Smith failed to show his prior transfers were "retaliatory," that he has been receiving adequate treatment at MRF, and that his concerns about future transfers are both speculative and unfounded – demonstrate that the merits of Smith's request for injunctive relief are not in his favor and that he failed to show he would suffer irreparable injury absent the requested injunction.  Thus, the first two preliminary injunction factors favor denying Smith's instant motion.

The final two factors also weigh in favor of denying Smith's motion.  Issuing preliminary injunctive relief requiring the MDOC to house Smith at his preferred facility would result in harm to both the MDOC and the public because granting such relief would

---

[4] In his motion to supplement, Smith makes essentially the same admissions about receiving adequate care from Dr. Coughlin at MRF. (ECF No. 91, PageID.1880).

violate the principle that the Court should exercise restraint before involving itself in the administration of prison life. *Kendrick*, 740 F.2d at 438 n.3; *McKune*, 536 U.S. at 37.

For all of these reasons, Smith's request for injunctive relief lacks merit and should be denied. And, since Smith claims to need an attorney only to combat against future retaliatory transfers and denied medical care (ECF No. 90, PageID.1824), that request, too, lacks merit and should be denied.[5]

**Conclusion**

For all of the foregoing reasons, **IT IS RECOMMENDED** that Smith's Second Motion for Preliminary Injunction **(ECF No. 90)** be **DENIED**.

Dated: September 30, 2025  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v.*

---

[5] As noted above, Dr. Haiderer's summary judgment motion has been denied as to certain of Smith's claims. Should Smith not be able to resolve his remaining claims with Dr. Haiderer through mediation, Smith may file a renewed motion for the appointment of counsel to assist him at trial.

*Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2025.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
