UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH,

    Plaintiff,

v.

DONALD HAIDERER,
SUSAN MCCAULEY,
and JANE DOE,

    Defendants.

_____/

Case No. 2:23-cv-11509
Hon. Brandy R. McMillion

Mag. Judge David R. Grand

**ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 100) AND DENYING PLAINTIFF'S MOTION OF JUDICIAL NOTICE, PRELIMINARY INJUNCTION AND APPOINTMENT OF COUNSEL (ECF NO. 90)**

*Pro se* Plaintiff Ashton Smith ("Smith"), an inmate in the Michigan Department of Corrections, filed this prisoner civil rights action, under 42 U.S.C. § 1983 and the Americans with Disabilities Act, alleging he was deprived of proper medical treatment for his serious visual impairment. *See generally* ECF No. 1.[1] Currently pending before the Court is Smith's Motion for Judicial Notice,

---

[1] This matter was originally assigned to the Honorable Stephen J. Murphy but reassigned to the undersigned on April 2, 2024. On April 4, 2024, this Court referred all pretrial matters to Magistrate Judge David R. Grand. ECF No. 33.

1

Preliminary Injunction and Appointment of Counsel, filed on March 20, 2025. ECF No. 90.

On September 30, 2025, in a Report and Recommendation ("R&R"), Magistrate Judge David R. Grand recommended that the Court deny the pending motion,

> as Smith's request for injunctive relief lacks merit and should be denied. And, since Smith claims to need an attorney only to combat against future retaliatory transfers and denied medical care (ECF No. 90, PageID.1824), that request, too, lacks merit and should be denied.

ECF No. 100, PageID.2064. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.2064-2065.

As of the date of this order, October 28, 2025—28 days since the Magistrate Judge filed the R&R—neither party has filed objections to the R&R or contacted the Court to ask for more time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object

2

to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Accordingly, because neither party objected to the R&R (ECF No. 100), **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of Smith's Motion is **ADOPTED**.

**IT IS FURTHER ORDERED** that Smith's Motion for Judicial Notice, Preliminary Injunction and Appointment of Counsel (ECF No. 90) is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: October 28, 2025                     /s/Brandy R. McMillion
                                            Hon. Brandy R. McMillion
                                            United States District Judge

---

[2] The Court notes that on October 5, 2025, attorney Andrew Sullivan filed an appearance on behalf of Smith. ECF No. 101. Therefore, the request to appoint counsel is denied as moot.